UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| HYRUM JOSEPH WEST, | ) | |
| Petitioner, | ) | 2:15-cv-01504-LDG-NJK |
| vs. | ) | **ORDER** |
| BRIAN WILLIAMS, *et al.*, | ) | |
| Respondents. | ) | |

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Hyrum Joseph West, a Nevada prisoner. On February 2, 2016, respondents filed a motion to dismiss West's petition, arguing that all of his claims are unexhausted, procedurally barred, and/or not cognizable in a federal habeas proceeding. ECF No. 16. These arguments are well-founded. The court shall grant respondents' motion, but also grant petitioner leave to amend.[1]

Petitioner has pleaded all of his claims under six "grounds" of the court's form petition – i.e., Grounds One through Six. The problem is that, under each ground, petitioner has included numerous legal and factual claims, some related, some not. With their motion to dismiss, respondents have attempted to organize petitioner's grounds for relief. In doing so, they make a

---

[1] Also pending before the court is respondents' motion to strike (ECF No. 28) asking the court to strike petitioner's response (ECF No. 27) to respondents' reply (ECF No. 26). Discerning no prejudice to the respondents arising from the response, the court shall deny the motion.

convincing argument the all six of petitioner's grounds are subject to dismissal for one or more of the reasons noted above.

Even so, it appears that, but for poor drafting and lack of organization, petitioner may have tenable claims for relief. Moreover, the Ninth Circuit Court of Appeals recently held that even fully unexhausted petitions are candidates for stay and abeyance. *See Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines v. Weber*, 544 U.S. 269 (2005)). Thus, the petition shall be dismissed, but petitioner shall have an opportunity file an amended petition in a more manageable form. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) ("[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.").

Petitioner is advised to closely follow the instructions provided with the court's form petition for writ of habeas corpus, as well as the instructions on the form itself. In particular, petitioner should note that every claim in which he contends there was a violation of his constitutional rights is a separate ground for relief and must be pleaded under a separately-numbered ground in the form petition. In other words, each contention petitioner believes to be sufficient for the court to grant relief is a claim/ground and must be separately presented, not mixed into the discussion of another claim/ground. In addition, each ground must include all the relevant facts that support it, but only those facts. Lastly, petitioner is not limited in the number of grounds he may include in his federal petition, but federal habeas relief is not available for claims that have not been properly presented to the Nevada Supreme Court.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 16) is GRANTED. The petitioner's habeas petition (ECF No. 13) is DISMISSED with leave to amend.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the date of the entry of this order on the record within which to file with the court an amended petition which

corrects the deficiencies identified in this order.  In addition to correcting the problems the court has identified, petitioner shall include in that amended petition any and all additional claims for habeas corpus relief of which petitioner is aware.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order in the time and manner provided above, the court shall conclude that petitioner does not desire to pursue this matter, and shall enter an order dismissing this case, without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall send petitioner a noncapital Section 2254 habeas petition form, one copy of the instructions for the form, and a copy of his dismissed habeas petition (i.e., ECF No. 13).

**IT IS FURTHER ORDERED** that respondents' motion to strike (ECF No. 28) is DENIED.

Dated this _28_ day of September, 2016.

_____
UNITED STATES DISTRICT JUDGE