# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HYRUM JOSEPH WEST,

    Petitioner,

vs.

BRIAN WILLIAMS, *et al.*,

    Respondents.

2:15-cv-01504-LDG-NJK

**ORDER**

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Hyrum Joseph West, a Nevada prisoner. On March 6, 2017, respondents filed a motion to dismiss West's amended petition (ECF Nos. 33/34), arguing that all of his claims are unexhausted, procedurally barred, and/or not cognizable in a federal habeas proceeding. ECF No. 38. As set forth below, the Court will grant motion part and deny the motion in part.

I. PROCEDURAL BACKGROUND[1]

On June 23, 2011, after a trial in Nevada's Fifth Judicial District Court, a jury found West guilty of trafficking a Schedule 1 controlled substance.[2] Prior to sentencing, West filed a motion for mistrial. At West's sentencing hearing, the court denied the motion and sentenced West to a prison term of 10 to 25 years. West then filed a motion for a new trial.

---

[1] This procedural history was compiled from the exhibits filed at ECF Nos. 17-22 and this Court's own docket.

[2] West's first jury trial on the same charge ended in a mistrial.

The state district court entered a judgment of conviction on December 30, 2011, and an order denying the motion for new trial on March 20, 2012. West appealed. The Nevada Supreme Court remanded the matter for a written order on West's pretrial motion to suppress. The state district court filed the written order denying West's pretrial motion to dismiss and motion to suppress.

On December 13, 2012, the Nevada Supreme Court affirmed West's conviction. West filed a separate appeal of the state district court's written order denying West's motion to dismiss and motion to suppress. On January 24, 2013, the Nevada Supreme Court dismissed the appeal for lack of jurisdiction.

On November 12, 2013, West filed a proper person state habeas petition and supporting memorandum. He filed a counseled supplemental petition on June 25, 2014. On October 21, 2014, the court entered an order denying some of West's claims on the merits and finding his remaining claims procedurally barred pursuant to Nev. Rev. Stat. § 34.810. West appealed.

On April 15, 2015, the Nevada Court of Appeals affirmed the denial of most claims on the merits, but dismissed one ground as procedurally barred pursuant to Nev. Rev. Stat. § 34.810, and declined to address additional claims on the ground that West failed to support them with any cogent arguments. Before remittitur issued on the appeal, West filed, on May 7, 2015, a petition for writ of mandamus with the Nevada Supreme Court in which he sought an evidentiary hearing on his state habeas petition.

The Nevada Supreme Court declined to exercise its original jurisdiction and denied mandamus. The court also denied West's petition for rehearing.

Prior to the conclusion of his state proceedings, on or about July 31, 2015, West mailed or handed to a correctional officer for the purpose of mailing his federal habeas petition in which he raised six grounds, along with a lengthy supporting memorandum and exhibits. Respondents moved to dismiss the petition as the claims were unexhausted, procedurally barred and/or are not cognizable.

On September 28, 2016, this Court granted the motion to dismiss, but also granted West leave to amend his petition to address several deficiencies in the initial petition. On November 1, 2016, West filed an amended federal petition, which is the subject of respondents' pending motion to dismiss.

II. EXHAUSTION

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). Exhaustion typically requires that "state prisoners . . . give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Boerckel*, 526 U.S. at 845. Exhaustion is not satisfied "where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor." *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (internal quotation marks omitted); *see also Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Lundy*, 455 U.S. at 520).

A claim is not exhausted unless the petitioner has presented, to the state court, the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California*

3

*Dept. of Corrections*, 20 F.3d 1469, 1472-73 (9th Cir. 1994) *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir.2000) (en banc). The exhaustion requirement is not met when the petitioner presents facts or evidence to the federal court which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988).

Respondents argue West has failed to exhaust state court remedies for any of the grounds in his amended federal habeas petition. In advancing this argument, they contend that, in determining whether West's federal habeas claims are exhausted, this Court may consider only West's claims on direct appeal and those made in appealing the denial of his state habeas petition. All other proceedings, according to the respondents, were not an effective means of exhausting habeas claims.

This Court agrees that neither West's appeal of the state district court's written order denying his motion to dismiss and motion to suppress, nor his petition for writ of mandamus filed in the Nevada Supreme Court was a method by which West could exhaust state court remedies for any of his claims. Neither the appeal nor the petition fit within "the State's established appellate review process." *Boerckel*, 526 U.S. at 845. The record does not indicate that the Nevada Supreme Court considered the merits of West's claims in either proceeding. ECF Nos. 20-15, 22-6, and 22-7. *Cf. Chambers v. McDaniel*, 549 F.3d 1191, 1196–97 (9th Cir. 2008) (finding claim exhausted, notwithstanding petitioner's use of an extraordinary remedy, where language in Nevada Supreme Court's order indicated that it had considered the merits of the claim).

As noted above, the Nevada Court of Appeals in West's state habeas proceeding rejected some of his claims because he had not supported them with any cogent argument. ECF No. 22-1, p. 5-6.[3] West's presentation with respect to each of those "claims" failed to include any operative facts or mention a federal legal theory. ECF No. 21-20, p. 18-19. This was insufficient to effect exhaustion with respect to those claims. *See Bland*, 20 F.3d at 1472-73.

---

[3] References to page numbers in ECF documents are based on CM/ECF pagination.

For each of the claims in West's federal petition, respondents argue that West failed to present to the state court the same operative facts and legal theories upon which his corresponding federal court claim is based. This court agrees that West alleges facts in support of his federal court claims that were not included in his state court claims. In most instances, however, the inclusion of additional facts does not place the claim in a significantly different posture than it was in the state courts. On the other hand, this court is not permitted to consider evidence that was not contained in the state court record when the state court adjudicated the claim on the merits. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (federal habeas review of a state court proceeding is generally limited to the record that was before the state court). Thus, while the inclusion of additional facts does not necessarily render West's claims unexhausted, the Court will not consider the additional facts in deciding the claim on the merits unless they are supported by the existing record. Otherwise, the Court finds as follows with respect to the exhaustion of West's claims.

*Ground 1*

West alleges his constitutional rights were violated because the traffic stop that led to his arrest and the search of his car was pretextual. West fairly presented this claim to the Nevada Supreme Court, but only as a violation of his rights under the Fourth Amendment. ECF Nos. 20-1 and 20-8. The additional legal theories West alleges in relation to Ground 1 are unexhausted.

*Ground 2*

West alleges his constitutional rights were violated because there was no probable cause for his arrest prior to the unlawful stop, rendering his arrest "an unconstitutional investigatory seizure." As with Ground 1, West fairly presented this claim to the Nevada Supreme Court, but only as a violation of his rights under the Fourth Amendment. ECF No. 20-1 and ECF No. 20-8. The additional legal theories West alleges in relation to Ground 2 are unexhausted.

*Ground 3*

In Ground 3, West alleges his constitutional rights were violated because he did not voluntarily consent to the search of his car, the police exceeded the scope of general consent, and

5

consent was given only after West was in custody, without *Miranda*[4] warnings. As with Grounds 1 and 2, West fairly presented this claim to the Nevada Supreme Court, but only as a violation of his rights under the Fourth Amendment. ECF No. 20-1 and ECF No. 20-8. The additional legal theories West alleges in relation to Ground 3 are unexhausted.

*Ground 4*

West alleges his constitutional rights were violated because there was no legal justification for the State to search his car. As with Grounds 1, 2, and 3, West fairly presented this claim to the Nevada Supreme Court, but only as a violation of his rights under the Fourth Amendment. ECF No. 20-1 and ECF No. 20-8. The additional legal theories West alleges in relation to Ground 4 are unexhausted.

*Ground 5*

West alleges his constitutional rights were violated because the trial court failed to conduct an adequate suppression hearing and because its written order on remand contradicted its oral rulings made in court. He also alleges that he received ineffective assistance of counsel because his attorney failed to challenge the inaccurate order on appeal.

In his state post-conviction appeal, West argued that the trial court's findings at the hearing on the motion to suppress differed from the court's written order. ECF No. 21-20, p. 13-14. He did not, however, argue that the manner in which his hearing was conducted violated his federal rights. *Id.* He also did not fairly present, to the Nevada courts, a federal claim arising from the alleged failure to hold a suppression hearing or the ineffective assistance of counsel in relation to the allegedly inaccurate order.

Ground 5 is unexhausted.[5]

---

[4] *Miranda v. Arizona*, 384 U.S. 356 (1966).

[5] Respondents also argue that Ground 5 is procedurally barred, noting that "the Nevada Court of Appeals dismissed West's claim 'that the district court erred in denying his claim that its order denying his motion to suppress was different than its oral pronouncement denying the motion' pursuant to Nev. Rev. Stat. 34.810(1)(b)(2) because the claim should have been raised on direct appeal." ECF

*Ground 6*

West alleges his constitutional rights were violated because the State suppressed and/or destroyed material exculpatory evidence – i.e., a video/audio recording of the traffic stop and arrest. West exhausted this claim in his direct appeal. ECF No. 20-1, p. 19-20.

*Ground 7*

West alleges his constitutional rights were violated because the State willfully suppressed evidence about a confidential informant and presented hearsay evidence from the informant. In his state post-conviction proceeding, West fairly presented a claim that his rights under the Confrontation Clause were violated by the presentation of the hearsay evidence. ECF No. 21-20, p. 11-13. He also exhausted his claim that counsel's failure to raise the issue on appeal violated his right to effective assistance of appellate counsel. *Id.* He did not, however, exhaust state court remedies with respect to additional theories, including his *Brady*[6] claim.

*Ground 8*

West alleges his constitutional rights were violated because the trial court declared West's first trial a mistrial to prevent an acquittal and did so without West's consent. West exhausted this claim in his direct appeal, but only with respect to a claimed violation of the Double Jeopardy Clause. ECF No. 20-1, p. 20-22.

*Ground 9*

West alleges his constitutional rights were violated because the trial court excluded, in West's second trial, the use of two jury instructions regarding consent, warrants, and probable cause that had been issued in his first trial – i.e., the trial that ended in a mistrial. West exhausted this claim in his state post-conviction proceeding, but only with respect to the allegation that he received

---

No. 38, p. 20-21 (quoting ECF No. 22-1, p. 5). Because the claim was not presented as a federal claim (and is thus unexhausted), it is not procedurally barred by the state court's imposition of Nev. Rev. Stat. 34.810(1)(b)(2).

[6] *Brady v. Maryland*, 373 U.S. 83 (1963).

7

ineffective assistance of appellate counsel due to counsel's failure to raise the issue on direct appeal. ECF No. 21-20, p. 14-16.

*Ground 10*

West alleges his constitutional rights were violated because the trial court's reasonable doubt jury instruction minimized the State's burden of proof. West exhausted this claim in his state post-conviction proceeding, but only as to the allegation that his counsel was ineffective in failing to raise the issue on direct appeal. ECF No. 21-20, p. 14-16.

*Ground 11*

West alleges his constitutional rights were violated because he was denied the assistance of counsel at his second trial. He claims he was required to represent himself at the second trial because his counsel was threatened with sanctions if counsel attempted to present the same defense that was presented in the first trial. West exhausted this claim in his state post-conviction proceeding with respect to the allegations that he was deprived of counsel at a critical stage of proceedings in violation of his right under the Sixth and Fourteenth Amendments. ECF No. 21-20, p. 9-11.

*Ground 12*

West claims he is entitled to habeas relief due to the cumulative effect of the constitutional errors that occurred in his state criminal proceeding. West raised a cumulative error claim in his direct appeal. ECF No. 20-1, p. 22. He did not, however, raise such a claim in his state post-conviction proceeding. Accordingly, Ground 12 is exhausted only to the extent that West alleges cumulative error based on the errors raised on direct appeal. *See Wooten v. Kirkland*, 540 F.3d 1019, 1025 (9th Cir. 2008) (holding that claims premised on the cumulative effect of alleged errors must be separately fairly presented).

III. COGNIZABILITY

Respondents argue that habeas relief is not available for several of West's claims. Specifically, respondents contend that Grounds 1, 2, 3, and 4 are barred under the doctrine promulgated in *Stone v. Powell*, 428 U.S. 465 (1975).

8

In *Stone v. Powell*, the Supreme Court held as follows: "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494. Under *Stone v. Powell*, "[a] Fourth Amendment claim is not cognizable in federal habeas proceedings if a petitioner has had a full and fair opportunity to litigate the claim in state court." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996); *see also Villafuerte v. Stewart*, 111 F.3d 616, 627 (9th Cir. 1997).

To receive federal habeas consideration of a claim that evidence should have been suppressed, a petitioner bears the burden of demonstrating that the state courts did not provide him with a full and fair hearing. *See Woolery v. Arave*, 8 F.3d 1325, 1327-28 (9th Cir. 1993). In determining whether a habeas petitioner has had a full and fair opportunity to litigate his Fourth Amendment claim in state court, "[t]he relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval*, 81 F.3d at 899; *see also Gordon v. Duran*, 895 F.2d 610, 613 (9th Cir. 1990) (as long as the petitioner "had an opportunity in state court for 'full and fair litigation' of his fourth amendment claim," habeas relief is foreclosed on his claim that an unconstitutional search and seizure occurred). "Such an opportunity for a fair hearing forecloses this court's inquiry, upon habeas corpus petition, into the trial court's subsequent course of action, including whether or not the trial court has made express findings of fact." *Caldwell v. Cupp*, 781 F.2d 714, 715 (9th Cir. 1986). (internal citations omitted).

*Stone* does not provide a specific test for determining whether the State provided an opportunity for full and fair litigation of a claim, but it did cite to the case of *Townsend v. Sain*, 372 U.S. 293 (1963). 428 U.S. at 494 n. 36. *Townsend* holds that a federal court must grant a habeas petitioner an evidentiary hearing under any of the following circumstances.

> If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full

9

and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

372 U.S. at 313. The Ninth Circuit has held that although *Townsend* "must be given great weight in defining what constitutes full and fair consideration under *Stone*, we do not believe that it must always be applied literally . . . as the sole measure of fullness and fairness." *Mack v. Cupp*, 564 F.2d 898, 901 (9th Cir. 1977). Federal courts may also consider the extent to which the relevant claims were briefed before and considered by state trial and appellate courts. *Terrovona v. Kincheloe*, 912 F.2d 1176, 1178-79 (9th Cir. 1990) (citing *Abell v. Raines*, 640 F.2d 1085, 1088 (9th Cir.1981)).

As noted above, Grounds 1, 2, 3, and 4 each allege a violation of West's rights under the Fourth Amendment. Prior to trial, West filed a petition for writ of habeas corpus, based in part on the legality of the traffic stop, the search of his car, and his arrest. ECF Nos. 17-11 and 17-12. The trial court ruled that the issues raised in the petition should be addressed as a motion to suppress and/or a motion to dismiss. ECF No. 17-20, p. 11-12. West then filed motions to that effect. ECF No. 17-22. The trial court then held a hearing at which witnesses testified about the circumstances surrounding the traffic stop, search, and arrest. ECF No. 17-25. And, as noted above, West raised his Fourth Amendment claims on direct appeal. ECF No. 20-1, p . The Nevada Supreme Court addressed West's arguments in its order affirming the judgment of conviction. ECF No. 20-8, p. 2-4.

West argues at length as to why the state court's adjudication of his Fourth Amendment claims was defective. ECF No. 44, p. 22-33. Most of those arguments, however, contest the state court's rulings. They do not establish that he was deprived of a full and fair *opportunity* to litigate his claims. Even if the state district court's fact finding procedures were lacking, West's Fourth Amendment arguments claims were well-briefed by counsel and given due consideration by the Nevada Supreme Court on appeal. Thus, under the standards set forth above, the State provided West an opportunity for full and fair litigation of his Fourth Amendment claims for the purposes of

*Stone.* Accordingly, this Court is precluded from granting West habeas relief on Grounds 1, 2, 3, or 4.[7]

IV. TREATMENT OF UNEXHAUSTED CLAIMS

Because his habeas petition contains unexhausted claims, West has presented this Court with a mixed petition. As such, the petition is subject to dismissal under *Rose v. Lundy*, 455 U.S. 509 (1982). In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that a district court has discretion to stay a mixed petition when dismissal under *Rose v. Lundy* may result in claims being barred under the one-year deadline imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Rhines*, 455 U.S. at 275. Under *Rhines*, the federal court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause for failing to exhaust his claims; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Id.* at 277; *see also Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008). Therefore, as an alternative to dismissing the his petition under *Rose v. Lundy*, the Court will give West the choice whether to (1) abandon his unexhausted claims and proceed herein with his remaining claims or (2) request that these proceedings be stayed and held abeyance while he exhausts state court remedies. The latter option must be filed as a motion and make the necessary showing under *Rhines*.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 38) is GRANTED in part and DENIED in part. Grounds 1, 2, 3, and 4 are dismissed under *Stone v. Powell*. Petitioner's remaining claims are unexhausted except for Ground 6, the Confrontation Clause claim and ineffective assistance of appellate counsel claim in Ground 7, the Double Jeopardy Clause claim in Ground 8, the ineffective assistance of appellate counsel claims in Grounds 9 and 10, the deprivation of counsel claim in Ground 11, and Ground 12 to the extent it alleges cumulative error based on errors raised on direct appeal.

---

[7] To the extent Grounds 5, 7, and 12 allege a Fourth Amendment violation, such claims are also barred by *Stone v. Powell*.

11

1       IT IS FURTHER ORDERED that petitioner shall have **thirty days** from the date this order is entered to either: (1) inform this Court that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in the Local Rules for this Court.

      IT IS FURTHER ORDERED that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty days** from the date petitioner serves his declaration of abandonment within which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254.

      IT IS FURTHER ORDERED that petitioner shall have **thirty days** following service of respondents' answer within which to file a reply.

      IT IS FURTHER ORDERED that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

      IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (ECF No. 40) is DENIED.

      IT IS FURTHER ORDERED that petitioner's motion for status check/docket sheet (ECF No. 53/54) is GRANTED. The Clerk shall send petitioner a copy of the current docket sheet for this case.

      Dated this __23rd__ day of February, 2018.

                                      _____
                                      UNITED STATES DISTRICT JUDGE