UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

HYRUM JOSEPH WEST,

Petitioner,

v.

BRIAN WILLIAMS, et al.,

Respondents.

Case No. 2:15-cv-01504-LDG-NJK

ORDER

This is an action for habeas corpus relief under 28 U.S.C. § 2254 brought by Hyrum Joseph West, a Nevada prisoner. On February 26, 2018, the Court entered an Order (ECF No. 56) that granted in part and denied in part respondents' motion to dismiss (ECF No. 38) West's amended petition for a writ of habeas corpus (ECF Nos. 33/34). The Order directed West to either abandon his unexhausted grounds for relief or file a motion for stay and abeyance. On July 16, 2018, West filed a motion for stay and abeyance. ECF No. 61. For reasons discussed below, the Court will deny the motion.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court condoned, but also placed limitations upon, the federal court's discretion to facilitate a habeas petitioner's return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district

> court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

The Court in *Rhines* went on to state that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Thus, the court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Rhines*, 544 U.S. at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011). "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." *Id.* An indication that the standard is not particularly stringent can be found in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), where the Supreme Court stated that: "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to exhaust." *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U.S. at 278).

West's argument in support of stay and abeyance consists largely of a recapitulation of his substantive habeas claims. He also argues that his claims have already been exhausted in state court, but this Court stands by its prior determinations as to which claims are and are not exhausted.

As for demonstrating good cause for his failure to exhaust, West claims that he received ineffective assistance of appellate counsel and post-conviction counsel. With

respect to appellate counsel, he claims that "it was a mistake to appoint trial counsel as direct appeal counsel because he will not cite [ineffective assistance of counsel] on himself." ECF No. 61, p. 26. As respondents point out, however, Nevada law provides that ineffective assistance of counsel (IAC) claims are generally not appropriate for review on direct appeal and are, instead, to be raised in post-conviction proceedings in the state district court. *See Pellegrini v. State*, 34 P.3d 519, 534 (Nev. 2001). Otherwise, Wests alleges only that appellate counsel was "constitutionally required to put all of West's proceedings in direct appeal." ECF No. 61, p. 26. This is plainly inaccurate. *See Jones v. Barnes*, 463 U.S. 745, 751–52 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.").

The Ninth Circuit has held that ineffective assistance of post-conviction counsel can be good cause for a *Rhines* stay, but to the extent the holding was based on *Martinez v. Ryan*, 566 U.S. 1 (2012), it extends only to claims alleging ineffective assistance of trial counsel. *See Blake*, 745 F.3d at 983-84 (recognizing that *Martinez* held that "IAC by state post-conviction counsel 'at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial'"). Moreover, in alleging his post-conviction counsel was ineffective, West makes only broad allegations that post-conviction counsel *supplemented* his pro se submissions to the state court rather than *amending* them. ECF No. 61, p. 2, 17. He does not establish how this caused his failure to exhaust the relevant claims. Without more, West falls short of making the necessary showing under *Rhiines/Blake*. *See Blake*, 745 F.3d at 982 (noting that "a bald assertion cannot amount to a showing of good cause").

Because West has not demonstrated good cause for his failure to exhaust his unexhausted claims in state court, his request for stay and abeyance will be denied.

IT IS THEREFORE ORDERED that petitioner's motion for stay and abeyance (ECF No. 61) is DENIED.

IT IS FURTHER ORDERED that petitioner shall have **30 days** from the date this Order is entered within which to file a Notice of Abandonment of Unexhausted Claims, indicating that his unexhausted claims (i.e., all claims except for Ground 6, the Confrontation Clause claim and ineffective assistance of appellate counsel claim in Ground 7, the Double Jeopardy Clause claim in Ground 8, the ineffective assistance of appellate counsel claims in Grounds 9 and 10, the deprivation of counsel claim in Ground 11, and Ground 12 to the extent it alleges cumulative error based on errors raised on direct appeal) are to be deleted from his amended petition (ECF Nos. 33/34).

IT IS FURTHER ORDERED that, if petitioner does not abandon his unexhausted claims within the time allowed, the amended petition (ECF Nos. 33/34) shall be dismissed under *Rose v. Lundy*, 455 U.S. 509 (1982).

IT IS FURTHER ORDERED that, if petitioner abandons his unexhausted claims within the time allowed, respondents shall have **60 days** from the date the Notice of Abandonment is filed within which to file an answer to the remaining claims in the Amended Petition (ECF Nos. 33/34). To the extent they have not done so already, respondents shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner shall have **45 days** from the date on which the answer is served to file a reply.

DATED this 28 day of March, 2019.

Lloyd D. George
United States District Judge